UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RHIENNA GABRIEL,

          Plaintiff,

      v.                                              Case No. 22-C-452

BRANDON REID and
NICK REIMER,

          Defendants.

**DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS TO DISQUALIFY DEFENSE COUNSEL**

On April 14, 2022, Plaintiff Rhienna Gabriel filed this *pro se* lawsuit against Defendants Brandon Reid, a Manitowoc County detective, and Nick Reimer, Chief of Police of the City of Manitowoc, in their individual and official capacities, pursuant to 42 U.S.C. § 1983. Dkt. No. 1. On April 26, 2022, Gabriel filed an amended complaint. Dkt. No. 5. Gabriel alleges that Defendants violated her rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution; she also brings a state-law stalking claim pursuant to Wis. Stat. § 940.32. *Id.* at 4. Gabriel seeks money damages and injunctive relief from this court. *Id.* at 5. Both defendants have moved to dismiss the amended complaint for failure to state a claim. Dkt. Nos. 29, 33. On September 29, 2022, Gabriel filed motions to dismiss Defendants' counsel. Dkt. Nos. 40–41. For the reasons that follow, Defendants' motions to dismiss will be granted, and Gabriel's motions to dismiss Defendants' counsel will be denied.

**LEGAL STANDARD**

A motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022). Federal Rule of Civil Procedure

8 requires a pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has clarified the standard for meeting this requirement, emphasizing the need for something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Something more is required than "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), before the doors to expensive and time-consuming discovery will be opened. While a court must accept as true the allegations of fact, the same is not true of legal conclusions. *Id.*; *see also Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do."). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## ALLEGATIONS IN THE AMENDED COMPLAINT

Gabriel alleges that in December 2017, she "was dismissed from work due to discrimination and blocked from a promotional transfer by leadership at Ascension." Dkt. No. 5 at 5. She further alleges that in May 2018, she "was censored by the Manitowoc Common Council for being a woman, creating a party of one for public shaming and mistreatment." *Id.* And on January 11, 2019, Gabriel alleges she "was picking up her paycheck from [the] atrium when her manager and co-workers hostily [sic] grabbed her arm, causing bruising and called the police as she was leaving." *Id.* She claims "[t]hey did this to prevent an anticipated promotion for" her and that "[t]he police notified her that she didn't have a job." *Id.* Gabriel alleges she also "was informed that [she] was 'under investigation.'" *Id.*

Gabriel seeks more than $439,000 in money damages for "lost income, back pay/front pay (promotion)[,] medical expense reimbursement, excessive citations without probable cause, legal fees, [and] restitution." *Id.* at 6 (alterations added). She also seeks injunctive relief: an order to

2

Defendants requiring them to "cease invasive harassment, cyberstalking to allow access to opportunity." *Id*.

## ANALYSIS

Under the federal notice-pleading system, when a plaintiff files a lawsuit, the complaint must make a defendant aware of the claims against him, and those claims must be supported by sufficiently specific, well-pleaded allegations of fact that raise the right to relief above a speculative level. In other words, the court and the defendants must be able to determine from the complaint a plausible account that the plaintiff was actually harmed by the defendants. Gabriel's amended complaint fails to meet this standard. All of Gabriel's allegations of misconduct—(1) that she was terminated at work and blocked from receiving a promotional transfer, (2) that she was censored for being a woman by the Manitowoc City Council, (3) that she was physically accosted by her manager and co-workers, and (4) that she was notified by the police that she did not have a job and was "under investigation," *id.* at 5—do not support any claim against either Reid or Reimer. Most of her allegations have nothing to do with Manitowoc law enforcement, but even the allegations that do fail to specify whether the officers involved included Reid or Reimer. Gabriel's amended complaint does not even hint that either Defendant was involved in any way in these alleged incidents of harm.

This is fatal to Gabriel's claims. Liability under 42 U.S.C. § 1983 requires a showing that the defendants were personally involved in the underlying constitutional violation. Unless that requirement is satisfied, a claim under the statute will not lie against them. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("When considering whether the defendants are subject to § 1983 liability, we follow our long-settled rule: Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual

3

defendant caused or participated in a constitutional deprivation." (citations and quotation marks omitted)).

Gabriel also alleges a violation of Wis. Stat. § 940.32, which prohibits stalking. But a criminal statute, by itself, generally does not give rise to a private right of action. *See Cort v. Ash*, 422 U.S. 66, 79 (1975); *Ragsdale v. Turnock*, 941 F.2d 501, 509 (7th Cir. 1991) (Posner, J., concurring in part and concurring in the judgment) (observing that "in general and also in regard to this particular statute private persons have no right (in our legal system, unlike for example the British) to enforce criminal or other regulatory statutes, unless of course the statutes also create private rights of action, which this one does not"). Even if Gabriel could bring such a claim, again she fails to allege facts that even suggest that either Reid or Reimer were involved. She thus fails to state any claim under state law as well.

Finally, there is no legal or factual basis for Gabriel's motions to disqualify defense counsel. Disqualification is "a drastic measure which courts should hesitate to impose except when absolutely necessary." *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993) (citation and quotation marks omitted). "The court must first determine if there is an ethical violation, and if so, whether disqualification is an appropriate remedy." *Bonds v. City of Chicago*, 451 F. Supp. 3d 900, 902 (N.D. Ill. 2020) (citing *Vill. of Tinley Park v. Connolly*, No. 17-C-3271, 2018 WL 1054168, at *2 (N.D. Ill. Feb. 15, 2018)). Gabriel offers no facts suggesting that either law firm representing the defendants has a conflict of interest or engaged in ethical violations. Her motion must therefore be denied.

For the foregoing reasons, Defendant Reimer's motion to dismiss (Dkt. No. 29) and Defendant Reid's motion to dismiss (Dkt. No. 33) are **GRANTED**. Because Gabriel has already amended her complaint once and has not sought leave to amend in response to the defendants' motions to dismiss, and because her complaint offers no reason to believe she has any cognizable

4

claim against either defendant, the dismissal is with prejudice.  The Clerk is directed to enter judgment accordingly.  Gabriel's motions to disqualify Defendants' counsel (Dkt. Nos. 40, 41) are also **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 18th day of November, 2022.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge